No. 97.—JAMES EDMONDSON, administrator, plaintiff in error, vs. WILLIAM WHITE, defendant.

[1.] When, in a proceeding under the Act "to amend the Rent Laws of this State," passed in 1827, the tenant swears that he is not the "tenant or lessee" of the plaintiff, it is necessary for the plaintiff to show a lease before he can recover.

Proceeding to dispossess a tenant, in Murray Superior Court. Tried before Judge·TRIPPE, October Term, 1855.

James Edmondson, as administrator of William H. White, deceased, made affidavit in terms of the Statute, that William White was in possession as tenant, of a lot of land, the property of said intestate; that the term for which he had rented the same had expired, and that he refused to give possession. The Sheriff having served said White with process, he made an affidavit, that he was not the tenant of William H. White, deceased, or of his administrator; and the Sheriff returned the proceedings to the Superior Court.

On the trial, JAMES BUCHANAN testified: That William White was living on the land, and had frequently told witness that he held as tenant of William H. White.

JAMES BLACKWELL testified: That William White had purchased the land from one Matthew Young, and had lived on it ever since; that sometime after defendant made said purchase, he heard him say, that if William H. White had got the land he was glad of it, for he knew he would never turn him, defendant, off.

The Court charged the Jury, that the affidavit of defendant,

Edmondson, adm'r, *vs.* White.

that he was no tenant, put plaintiff upon proof other than his own affidavit, of all the prerequisites of the Statute, except notice to quit; and that the plaintiff was put upon proof of the contract for rent, when made, for what term, and at what rent.

The Jury found for defendant; whereupon, plaintiff moved for a new trial, on the ground that the verdict was contrary to law and evidence, and on the ground of error of the Court. in giving said charge; and also, on the ground of newly discovered evidence. In support of which he filed the affidavit of James Buchanan, the witness who had testified, stating that since the trial, upon reflection, he remembered the circumstances more distinctly, and he would now testify, that defendant told him that the Sheriff had formerly come to dispossess him at the instance of James Edmondson, who had bought the land at Sheriff's sale, as the property of Matthew Young, under whom he, defendant, had been holding; and that defendant agreed to hold as the tenant of Edmondson.; and that after Edmondson sold the land to William H. White, defendant told witness he was holding under the said William H.; that in 1843, and at various other times, defendant had told him he was the tenant of William H. White.

The Court refused the new trial; and this decision is alleged as error.

SHROPSHIRE; WALKER, for plaintiff in error.

AKIN; UNDERWOOD, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

The Act of 1827 gives the landlord a remedy by which to recover possession, but gives it only in cases in which the "lease" has expired. He has to make oath that "the lease or term of time for which the land was rented, has expired." The Act was made for cases arising on the expiration of *leases.*

Against the proceeding which may follow this affidavit, the tenant may defend himself by swearing that his lease "is not expired," or "that he does not hold either by lease or rent" from the plaintiff; and if he does so, the proceedings are to be returned to Court, and "the fact" is "to be there tried." (*Cobb's Dig.* 901.)

In the present case, the oath of the tenant was, that he was "not the lessee or tenant" of the plaintiff's intestate.

Such an oath being put in, what was the "fact" to be tried? Manifestly this: whether there was any lease or not. To show the tenant a *lessee*, it would have been necessary to show him a party to a lease—to show a lease.

And to show a lease, it is necessary to show with more or less of certainty the terms of the lease.

And this is no more than what the Court told the Jury, in the present case, it was necessary for the plaintiff to show.

We think, therefore, that the charge of the Court was not wrong.

Nor was the verdict contrary to the evidence. There was no evidence, whatever, of any lease.

And what was offered as newly discovered evidence, would not have shown any lease. In truth, however, that was merely cumulative.

We affirm the judgment of the Court below.